838 F.2d 472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TWI INTERNATIONAL, INC., Plaintiff-Appellant,
v.
E.I. du PONT de NEMOURS & COMPANY, Defendant-Appellee.
 No. 87-1038.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1988.
 
 Before LIVELY, Chief Judge, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff raises two issues on appeal from judgment for the defendant following a bench trial in this action where the plaintiff sought damages for an alleged breach of contract. Jurisdiction is based on diversity of citizenship.
 
 
 2
 The plaintiff argues that the district court erroneously admitted and considered evidence with respect to the meaning of a written contract after finding the contract was unambiguous, integrated, clear and enforceable. The plaintiff contends that admission of such evidence violated the parol evidence rule. The defendant responds that the plaintiff offered parol evidence and took the position in the district court that such evidence was required for a correct interpretation of the contract and that the district court did not exclude such evidence. In fact, there was no objection to such evidence by either party. The defendant maintains that none of the evidence concerning the terms of the contract altered or contradicted the contract as written; rather, such evidence merely explained the language in the contract. Thus, admission of the evidence did not violate the parol evidence rule. Moreover, the district court's finding that the contract was unambiguous and integrated came only after the district court had considered explanatory evidence, not on the basis of the writings alone.
 
 
 3
 The second issue raised by the plaintiff relates to its claim for recovery on quantum meruit. The district court held that since the parties conceded that an express contract existed and plaintiff was paid by defendant under that contract, even though plaintiff claims it was not paid in full, no action will lie under quantum meruit. On appeal the plaintiff appears to argue that the quantum meruit claim was not related to the written contract, but was based on an oral agreement for an additional fifteen years following the expiration of the written contract. Even assuming that the quantum meruit claim was presented to the district court on that basis, although it is far from clear that the claim for quantum meruit was not related to the written contract, the district court made findings of fact with respect to the alleged oral contract for fifteen years which would preclude an award either under quantum meruit or otherwise. It is worthy of note that the district court made unusually comprehensive credibility findings following a lengthy bench trial and these findings support the district court's interpretation of the contractual relationship between the parties.
 
 
 4
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court finds no error. Accordingly, the judgment of the district court, including the award of costs and attorney's fees, is affirmed for the reasons stated by the District Judge in his oral opinion following submission of the case.